**DUNCAN FIRM, P.A.**
James H. Bartolomei III (Bar No. 301678)
Email: james@duncanfirm.com
809 W. 3rd Street
Little Rock, AR 72201
Telephone: (501) 228-7600
Fax: (501) 228-0415

*Attorneys for Plaintiff WENJUAN BI*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| WENJUAN BI,<br><br>                  Plaintiff,<br><br>       v.<br><br>ZOETOP BUSINESS CO., LTD., SHEIN DISTRIBUTION CORP., SHEIN US SERVICES, LLC, and DOES 1 through 10, inclusive, and each of them,<br><br>             Defendants. | **COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Wenjuan Bi, for her complaint against Defendants ZOETOP BUSINESS CO., LTD., SHEIN DISTRIBUTION CORP. and SHEIN US SERVICES LLC alleges upon personal knowledge as to her own conduct, and on information and belief based on the investigation of Plaintiff's counsel, as to all other conducted alleged herein, as follows.

### I.     INTRODUCTION

1.      This is a case about copyright infringement by one of the world's largest commercial e-commerce clothing and accessory retailers that wrongfully copied, distributed, and displayed Plaintiff's copyrighted Photos (the "Photos") without a license or authorization from Plaintiff, for the purpose of advertising its

retail products on its website, Shein.com and Us.Shein.com, thereby generating income from the unauthorized use of Plaintiff's seven (7) Photos.

2. Plaintiff also makes claims for copyright management information ("CMI") violations pursuant to 17 U.S.C. §§ 1202 and 1203 et. seq., for each instance the Photos were used and the CMI information was deleted, altered, removed or false CMI was added by Defendants.

## II.    PARTIES

3. Plaintiff Wenjuan Bi ("Plaintiff" or "Bi") is a resident of Ohio. Plaintiff is the owner of seven (7) copyrighted Photos that were reproduced, distributed, and/or displayed by Defendants in violation of her exclusive bundle of rights under the Copyright Act.  She is an owner of Rosy Stone Inc. which operates through Etsy.com. Plaintiff goes by the name "Wendy" on her Etsy site.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant ZoeTop Business Co., Ltd. ("ZBC"), individually and doing business as "Shein," is a limited entity that is doing business within the State of California.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant Shein Distribution Corp., ("SDC") is a California corporation that is doing business within the State of California.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant Shein US Services, LLC ("SUS") is a Delaware company that has its principal place of business in California.

7. ZBC, SDC, and SUS will be referred to herein collectively as "Shein."

8. Plaintiff does not yet know the identity of all Defendants that displayed, distributed, and/or altered CMI of Plaintiff's Photos or otherwise had direct, non-tangential participation in the conduct found to have violated the Copyright Act and CMI statutes, including authorizing such conduct.  Upon learning of the identities of said individuals or entities, Plaintiff may move to

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

1  amend to name the individuals as defendants.  Shein and the yet to be identified

2  DOES are collectively referred to herein as "Defendants")

3       9.    Whenever in this complaint it is alleged that Defendant(s) committed

4  any act or omission, it is meant that the Defendants' officers, directors, vice-

5  principals, agents, vendors, servants, directors, executives, management, or

6  employees, subsidiaries, or affiliates committed such act or omission and that at the

7  time such act or omission was committed, it was done with the full authorization,

8  ratification or approval of Defendants or was done in the routine normal course and

9  scope of employment of the Defendants' officers, directors, vice-principals,

10  executives, management, agents, servants, or employees.

11  ### III.   JURISDICTION AND VENUE

12       10.    This is a civil action seeking damages and injunctive relief for

13  copyright infringement under the Copyright Act, 17 U.S.C. § 101 *et seq*.

14       11.    This Court has original subject matter jurisdiction over all claims

15  pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1338 (copyrights).

16       12.    Venue is proper in this District because Defendants (1) committed

17  intentional acts (copyright infringements), (2) expressly aimed at the forum state of

18  California, (3) and caused harm that the Defendants know would likely be suffered

19  in the forum state.

20       13.    The claims alleged also arise out of or relate to Defendants' regular and

21  systematic activities in this District, and the fact that Plaintiff would not have been

22  injured but for Defendants' conduct that violated her rights from California.

23       14.    Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) (venue

24  for copyright cases) because all Defendants may be found in this District as its US

25  headquarters.

26       15.    This Court has *in personam* jurisdiction over Defendants because

27  Defendants availed themselves of the privileges of conducting business in this

28  District and the State of California and incurred a benefit from such infringements,

1  thus it is reasonable for Defendants to submit to the jurisdiction of this California
2  federal district court.

3        16.    Based on the federal court dockets, Defendants have been sued over 15
4  times in this District since 2021 alone, and over 30 times in the United States, for
5  copyright infringement claims, earning the dubious designation as serial infringers
6  with a knowledge of their obligations under the Copyright Act.

7        17.    Defendants have regularly and systematically transacted business
8  within California and contracted for services in California in connection with the
9  matters giving rise to this suit.

10                      **IV.    FACTUAL ALLEGATIONS**
11  **A. The Importance of Copyright and Bundle of Rights**

12       18.    Copyrights are the legal title to intellectual property by which creators
13  of original content such as photos protect their moral and economic rights in that
14  content.

15       19.    Respecting and defending the financial value of creators' copyrighted
16  works is a bedrock of our democracy, so important that the Founding Fathers
17  enshrined the Constitution with specific references to copyrights, and which
18  expressly gave Congress the power to "promote the Progress of Science and useful
19  Arts, by securing for limited Times to Authors and Inventors the exclusive Right to
20  their respective Writings and Discoveries."  U.S. Const. Article I, Section 8.
21  "Copyright law encourages people to create original works and thereby 'ultimately
22  serves the purpose of enriching the general public through access to creative
23  works.'"  *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 526 (1994).

24       20.    The Supreme Court of the United States found that by "establishing a
25  marketable right to the use of one's expression, copyright supplies the economic
26  incentive to create and disseminate ideas."  *Harper & Row Publishers, Inc. v.*
27  *Nation Enters.,* 471 U.S. 539, 558 (1985).

28

21.    The importance of copyright enforcement is not limited to this country. Dating back to the early 1500s, French courts recognized that only the creators of works, or their assigned heirs, should have the right to publish those works. In 1886, more than 10 countries signed the Berne Convention for the Protection of Literary and Artistic Works, whose stated purpose is the "protection of the rights of authors in their literary and artistic works."  The Convention ensures that authors are afforded the same protections in those signatory countries as they would enjoy within their own country, thereby promoting the worldwide distribution of creative works while at the same time ensuring that the rights of the author of a work created in one country will not be circumvented through the infringement of those rights in another country.  As of the date of this complaint, 188 countries, including the United States, have signed the Berne Convention.

22.    Section 106 of the Copyright Act (the "Act") grants copyright owners the exclusive public display right and control of the economic value of their work. The Act makes it illegal to publicly perform, publicly display, distribute, or reproduce a copyrighted work except in limited instances, and provides for actual damages.

23.    In 1976, the Act was amended to give content creators such as Plaintiff an automatic copyright in her Photos.

24.    To file suit based on an alleged infringement, that automatic copyright interest must be registered with the U.S. Copyright Office, which Plaintiff has done prior to filing suit.

**B. Background on Plaintiff & Her Copyrighted Photos**

25.    Plaintiff Wenjuan Bi is a photographer and jewelry and fashion accessory business owner of Rosy Stone Inc., which generally curates, designs, and/or sells various products through its online store on Etsy.com.  Plaintiff Bi is also the copyright owner of the Photos at issue used to market products being sold by Rosy Stone Inc.

26.     As part of her business of selling jewelry and other fashion accessories, Plaintiff creates high quality photos of the products she is selling and uses her copyrighted photos to advertise and market those products.

**C. Defendants infringed Plaintiff's Copyrighted Photos**

27.     Plaintiff alleges that sometime in late 2022 she discovered that Defendants had unlawfully: (a) saved, screenshot and/or downloaded Plaintiff's Photos directly from her page on the Etsy website; (b) removed and/or deleted all copyright management information from the Photo, including Plaintiff's Etsy information (Rosy Stone Inc.), metadata, and other identifying information (including the product associated with each Photo), added false CMI information, (c) uploaded a copy of each Photo for display as shown below; and (d) distributed a copy of Plaintiff's Photos for the purpose of publishing and displaying them to advertise the products being sold on Shein's websites, which caused damages to Plaintiff.

28.     Plaintiff alleges as follows seven (7) separate acts of infringement of her seven (7) photos, and that Shein deleted the CMI from her photos and added false CMI to the photos as is shown below. On information and belief, discovery is likely show more uses of the Photos on other websites controlled by Shein and that profits were causally generated by Shein's use of the Plaintiff's Photos.

///

///

///

///

///

///

///

//

///

29.  **Infringement 1 by Shein** (One example of false CMI includes "Faux Pearl & Leaf Decor Hair Comb") is shown below along with the URL of where Plaintiff's Photo was used without her authorization:

https://us.shein.com/Faux-Pearl-Leaf-Decor-Hair-Comb-p-891504-cat-3282.html?src_identifier=fc%3DWomen%60sc%3DSHOES%20%26%20ACCS%60tc%3DACCESSORIES%60oc%3DWedding%20Accessories%60ps%3Dtab01navbar10menu06dir10%60jc%3Dreal_3279&src_module=topcat&src_tab_page_id=page_home1671492623563&mallCode=1&scici=navbar_WomenHomePage~~tab01navbar10menu06dir10~~10_6_10~~real_3279~~~~0



Plaintiff's Rosy Stone Inc. page (Bridal hair comb, Bridal Headpiece, Pearl hair comb, Crystal leaf hair comb, Rhinestone hair comb, Silver hair comb, "Miley") and Plaintiff's[1] Photo 1 with United States Copyright Registration: VA0002335314:

---

[1] https://www.etsy.com/listing/525278915/bridal-hair-comb-bridal-headpiece-pearl?click_key=cf09ab8d6fb4263c7809652f415642a2b64e8e62%3A525278915&click_sum=d965316b&ref=shop_home_active_1&clickFromShopCard=1

30.    **Infringement 2 by Shein** (One example of false CMI includes "Flower & Faux Pearl Decor Bridal Hair Comb") is shown below along with the URL of where Plaintiff's Photo was used without her authorization:

https://us.shein.com/Flower-Faux-Pearl-Decor-Bridal-Hair-Comb-p-12011130-cat-3282.html?src_identifier=fc%3DWomen%60sc%3DSHOES%20%26%20ACCS%60tc%3DACCESSORIES%60oc%3DWedding%20Accessories%60ps%3Dtab01navbar10menu06dir10%60jc%3Dreal_3279&src_module=topcat&src_tab_page_id=page_home1671492623563&mallCode=1&scici=navbar_WomenHomePage~~tab01navbar10menu06dir10~~10_6_10~~real_3279~~~~0



Plaintiff's Rosy Stone Inc. page (Floral Hair Comb Wedding, Side Flower Comb, Natural Fresh Water Pearl Bridal Hair Comb, Gold Flower Hair Comb, "Sierra") shown with Plaintiff's Photo 2[2] with United States Copyright Registration: VA0002336120:



---

[2] https://www.etsy.com/listing/1078183941/floral-hair-comb-wedding-side-flower?click_key=7e7c1aa7106209640e272f6f2dfa42e14ac16d50%3A1078183941&click_sum=711032b5&ref=shop_home_active_19&clickFromShopCard=1&sca=1

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

31.  **Infringement 3 by Shein.com** (One example of false CMI includes "Flower & Faux Pearl Decor Bridal Hair Comb") is shown below along with the URL of where Plaintiff's Photo was used without her authorization:

https://us.shein.com/Flower-Faux-Pearl-Decor-Bridal-Hair-Comb-p-11782343-cat-3282.html?src_identifier=fc%3DWomen%60sc%3DSHOES%20%26%20ACCS%60tc%3DACCESSORIES%60oc%3DWedding%20Accessories%60ps%3Dtab01navbar10menu06dir10%60jc%3Dreal_3279&src_module=topcat&src_tab_page_id=page_home1671492623563&mallCode=1&scici=navbar_WomenHomePage~~tab01navbar10menu06dir10~~10_6_10~~real_3279~~~~0



Plaintiff's Rosy Stone Inc. page (Pearl Flowers Hair Vine, White Flower Hair Vine, Bridal Hair Flower, Flower Hair Vine, Gold Floral Hair Comb, Wedding Headpiece, "Tessa") for Plaintiff's Photo 3[3] with United States Copyright Registration: USCO VA0002335677:



---

[3] https://www.etsy.com/listing/1222149532/pearl-flowers-hair-vine-white-flower?click_key=4be8173cff6da3d8b6ad98f8b86a467806f39e27%3A1222149532&click_sum=51f56a30&ref=shop_home_active_35&clickFromShopCard=1&frs=1&sca=1

32.    **Infringement 4 by Shein.com** (One example of false CMI includes "2pcs Rhinestone Decor Bridal Alligator Hair Clip") is shown below along with the URL of where Plaintiff's Photo was used without her authorization:

https://us.shein.com/2pcs-Rhinestone-Decor-Bridal-Alligator-Hair-Clip-p-11522310-cat-3282.html?src_identifier=fc%3DWomen%60sc%3DSHOES%20%26%20ACCS%60tc%3DACCESSORIES%60oc%3DWedding%20Accessories%60ps%3Dtab01navbar10menu06dir10%60jc%3Dreal_3279&src_module=topcat&src_tab_page_id=page_home1671492623563&mallCode=1&scici=navbar_WomenHomePage~~tab01navbar10menu06dir10~~10_6_10~~real_3279~~~~0



Plaintiff's Rosy Stone Inc. page (Opal Crystal Hair Clip, Rhinestone Hair Clip, Bridal Hair Clip, Leaf Hair Clip, Bridal Side Comb, Crystal Hair Clip, "Beth") shown with Plaintiff's Photo 4[4] with United States Copyright Registration VA0002336042:



[4] https://www.etsy.com/listing/696350022/opal-crystal-hair-clip-rhinestone-hair?click_key=7c2a1ffc6dfcf9482aa586f724a96a18e14afb4e%3A696350022&click_sum=768bb324&ref=shop_home_active_8&clickFromShopCard=1

1    33.    **Infringement 5 by Shein.com** (One example of false CMI includes

2    "Flower & Faux Pearl Decor Bridal Hair Comb") is shown below along with the

3    URL of where Plaintiff's Photo was used without her authorization:

4    https://us.shein.com/Flower-Faux-Pearl-Decor-Bridal-Hair-Comb-p-12011123-cat-
     3282.html?src_identifier=fc%3DWomen%60sc%3DSHOES%20%26%20ACCS%
5    60tc%3DACCESSORIES%60oc%3DWedding%20Accessories%60ps%3Dtab01na
6    vbar10menu06dir10%60jc%3Dreal_3279&src_module=topcat&src_tab_page_id=p
     age_home1671492623563&mallCode=1&scici=navbar_WomenHomePage~~tab01
7    navbar10menu06dir10~~10_6_10~~real_3279~~~~0



15   Plaintiff's Rosy Stone Inc.'s page (Floral Bridal Hair Comb, Bridal Hair Comb,

16   Flower Hair Comb, Bridal Flower Comb, Wedding Back Comb, Bridal Side Comb,

17   "Elena") shown with Plaintiff's Photo 5[5] with United States Copyright Registration

18   VA0002335315:



---

[5] https://www.etsy.com/listing/620211326/floral-bridal-hair-comb-bridal-hair-
comb?click_key=9bcb6d119245ae5525221c8b36836a519e69068a%3A620211326
&click_sum=3c2e14cf&ref=shop_home_active_3&clickFromShopCard=1

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

34.     **Infringement 6 by Shein.com** (One example of false CMI includes "**3pcs Leaf & Faux Pearl Decor Bridal Hair Clip**") is shown below along with the URL of where Plaintiff's Photo was used without her authorization:

https://us.shein.com/3pcs-Leaf-Faux-Pearl-Decor-Bridal-Hair-Clip-p-12051995-cat-3282.html?src_identifier=fc%3DWomen%60sc%3DSHOES%20%26%20ACCS%60tc%3DACCESSORIES%60oc%3DWedding%20Accessories%60ps%3Dtab01navbar10menu06dir10%60jc%3Dreal_3279&src_module=topcat&src_tab_page_id=page_home1671492623563&scici=navbar_WomenHomePage~~tab01navbar10menu06dir10~~10_6_10~~real_3279~~~~0&main_attr=27_1705&mallCode=1

Plaintiff's Rosy Stone Inc.'s page (Bridal hair pin, Leaf hair pin, Gold hair pin, Gold or Silver hair vine, Gold bridal headpiece, Bridesmaid hair pins, "Illiana Pins") shown with Plaintiff's Photo 6[6] with United States Copyright Registration USCO VA0002335314:



[6] https://www.etsy.com/listing/510170428/bridal-hair-pin-leaf-hair-pin-gold-hair?click_key=978777dd8c354bf38544f2ee244a64080b3e80c3%3A510170428&click_sum=0bdf49bb&ref=shop_home_active_28&clickFromShopCard=1

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

35.     **Infringement 7 by Shein.com** (One example of false CMI includes "3pcs Flower Decor Hairpin") is shown below along with the URL of where Plaintiff's Photo was used without her authorization:

https://us.shein.com/3pcs-Flower-Decor-Hairpin-p-2118691-cat-3282.html?src_identifier=fc%3DWomen%60sc%3DSHOES%20%26%20ACCS%60tc%3DACCESSORIES%60oc%3DWedding%20Accessories%60ps%3Dtab01navbar10menu06dir10%60jc%3Dreal_3279&src_module=topcat&src_tab_page_id=page_home1671492623563&mallCode=1&scici=navbar_WomenHomePage~~tab01navbar10menu06dir10~~10_6_10~~real_3279~~~~0



Plaintiff's Rosy Stone Inc.'s page (Bridal Flower Hair Pins, Flower Hair Pin, Silver Hair Pins, Silver Hair Vine, Flower Hair Vine, Bridesmaid Hair Pins, "Kiana"), for Plaintiff's Photo 7[7] with United States Copyright Registration VA0002335315:



[7] https://www.etsy.com/listing/691403567/bridal-flower-hair-pins-flower-hair-pin?click_key=b893cd5c5df6dcc00658de2d85c607637e8c6263%3A691403567&click_sum=34e9add7&ref=shop_home_active_2&clickFromShopCard=1

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

36.     Under actual damages suffered by Plaintiff, she is entitled to seek a separate award of damages for each instance each photo was used by Defendants for the equivalent to the fair market value for a commercial license using the industry standard of a one-year license, multiplied by each year the Photo is displayed (with each fraction of a year (i.e., one month) commanding full, one-year licensing fees under a "rights managed" model (as opposed to a "royalty-free" license).

37.     On information and belief, Plaintiff alleges that each Photo was displayed at least one year to as many as seven years and discovery will confirm when Defendants first infringed each Photo and for how many years the infringement occurred.

38.     Discovery may also show that the Photos were used on other websites owned, managed or controlled by Shein.

39.     Under a "rights managed" licensing model for damages, "common sense" has no role in what Defendants would want to pay, or like to pay, or have the ability to pay *after the fact* of infringement.  The willing seller/willing buyer hypothetical calculates damages based on the <u>actual use</u> of the copyrighted work. Therefore, Defendants would have had to contact Plaintiff and ask her, "I want to use each photo for commercial advertising purposes for the specific purpose of advertising our products– how much would you charge for a one-year license for each image?"

40.     Plaintiff also can show that Defendants directly and/or indirectly earned revenue from ill-gotten gains that was causally connected from their infringing use of Plaintiff's Photos and the sale of the products shown on Defendants' websites.

41.     Plaintiff in this 17 U.S.C. § 504(b) action can therefore establish a causal connection and relationship between the infringements, the revenue generated from the infringements, and the monetary remedy sought under the Act,

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

which is neither speculative nor arbitrary because Shein used Plaintiff's Photos of the actual products (the same or substantially similar products) that Plaintiff was selling to gain an unfair advantage over Plaintiff.

42.    Actual damages should be awarded to Plaintiff in the form of lost profits from the sale of the products being advertising and the hypothetical-license value, which constitute an acceptable and recognized form of "actual damages" recoverable under Section 504(b).

43.    Plaintiff alleges that Defendants are liable for direct infringement or through alternative theories of vicarious infringement and/or contributory infringement of its vendors that are agents of Defendants.

44.    Where an infringer of a protected work, instead of obtaining permission and paying an agreed licensing fee, proceeds to use that work without permission and without compensating the copyright owner, the copyright owner (e.g., Plaintiff) suffers damages, because Plaintiff was legally entitled to exact a fee for such a use.

45.    Whether the infringing Defendants might in fact have negotiated with Plaintiff or purchased at the Plaintiff's price is irrelevant to whether hypothetical-license damages are available.

46.    Hypothetical-license damages also assume rather than require the existence of a willing seller and buyer. The very word "hypothetical" indicates that damages may be awarded in the absence of an actual license.

47.    To obtain reliable information about hypothetical licenses, the "market survey" approach for actual damages is one acceptable method to confirm what other licensing agents charge such as Getty Images, Shutterstock and industry leading software fotoQuote (which is used by Getty Images, Major League Baseball, LL Bean and other commercial entities).

48.    "Common sense" does not factor into the licensing survey. The question is not what the copyright owner would have charged, nor what the

infringer Defendant might have been willing to pay. Rather, this inquiry is a fact question focusing on the fair market value of the work as negotiated between a willing buyer and a willing seller contemplating the actual uses the infringers made.

49.    Plaintiff's damages are based on objective considerations of actual use, not on subjective assessments of value, which could vary widely.  Plaintiff's damages are also measured and determined by the fair market value of a license fee by looking to established rates that are regularly paid by licensees in the market.

50.    The calculation of a reasonable licensing fee for use of Plaintiff's Photos must be based on such factors as the type of use, size of use, and circulation.

51.    Plaintiff registered her Photos with the US Copyright Office prior to filing suit, with the effective registration numbers noted above.

52.    Because Defendants copied, distributed, published and displayed Plaintiff's copyrighted Photos without receiving a license or permission from her or having a valid legal excuse, on February 22, 2023, Plaintiff sent Defendants' Registered Copyright Agent, Defendant Shein US Services, LLC, a cease-and-desist notice via certified mail (the "Notice") and via email.

53.    Defendants admit receiving the Notice and allegedly have removed all of Plaintiff's Photos from its website, Shein.com, and servers.  In the Notice, Plaintiff demanded: Shein preserve all relevant evidence of the infringements; an accounting of all uses of Plaintiff's Photos; and that Shein remove or disable each infringing instance of use of the Photos from its websites, any third-party websites it caused to display the Photos, and any other Uses it may have made of the Photos.

54.    Given Shein's nature as a business with knowledge of the professional photography industry advertising/marketing experience, Defendants knew or should have known that the uses of the Photos in Shein's advertising constituted a violation of Plaintiff's rights.

55.    Further, based on the public dockets, Shein has been sued for copyright infringement in as many as 30 cases since 2021 (at least 15 in this

District) and on information and belief is clearly a serial infringer with no respect for US copyright laws.

56.     Shein has been referred to as the TikTok of e-commerce fashion, growing so fast that it faces dozens of lawsuits for copyright, patent and trademark piracy.[8]

57.     Defendants also more likely than not committed numerous Copyright Management Information (CMI) violations related to Shein's uses of the Photos because Plaintiff's metadata information (and other information) associated with the digital files of each Photo were, on information and belief, likely deleted or altered from all the displays in the Shein advertisements and/or added false CMI, and the CMI was deleted from or added to the copy of the Photos that were distributed by Shein more likely than not for the purpose of preventing Plaintiff from discovering those displays and/or enabling infringements. See 17 U.S. Code § 1203(3)(B). Each CMI violation carries a minimum award of $2,500 to a maximum award of $25,000, along with reasonable attorney fees.

58.     Shein, directly or through its agent(s) (unknown to Plaintiff) that it authorized such conduct, sourced the Photos from Plaintiff's Etsy page. Defendants will likely not be able to point to any other location than Plaintiff's Etsy page that they found and downloaded Plaintiff Photos, altered or deleted the CMI and used the Photos for exploitation of selling the similar products on Shein.com.

59.     Plaintiff alleges that Defendants removed and/or altered Plaintiff's CMI or added false CMI to the Photos with a reasonable basis to know that the removal, alteration and addition of false CMI would prevent or hinder Plaintiff's ability to discover the infringement(s).

---

[8]"China's Fast-Fashion Giant Shein Faces Dozens of Lawsuits Alleging Design Theft" July 23, 2022.  Visit: https://www.wsj.com/articles/chinas-fast-fashion-giant-shein-faces-dozens-of-lawsuits-alleging-design-theft-11656840601

**V.     CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**(INFRINGEMENT OF COPYRIGHTS (17 U.S.C. §§ 106, 501)**

**(ALL DEFENDANTS)**

60.    Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

61.    Plaintiff is, and at all relevant times has been, the copyright owner with exclusive rights under United States copyright with respect to the Photos that were validly registered with the US Copyright Office.

62.    Among the exclusive rights granted to Plaintiff under the Copyright Act are the exclusive rights to reproduce, display, copy and distribute her copyrighted Photos under 17 U.S.C. §§ 106(1), (3), (4), and (5).

63.    Defendants, without the permission or consent of Plaintiff, uploaded her copyrighted Photos to Defendants' website(s) and distributed and displayed the Photos in advertisements for products that were similar to products Plaintiff was selling.

64.    Defendants violated Plaintiff's exclusive rights of reproduction, distribution and display of her Photos.

65.    Defendants never sought permission nor paid a licensing fee for the uses of Plaintiff's copyrighted Photos.

66.    As a result of Defendants' infringements of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to actual damages (loss of a separate licensing fee for each use of each photo, times the number of years and months published (alleged to be 3 to 7 years), plus any profits Defendants made on direct advertising of Shein's products pursuant to 17 U.S.C. § 504(b) for Defendants' infringing use of the copyrighted Photos.

67.    In the event the Photos are still published by or associated with Defendants, Defendants' conduct is causing and, unless enjoined and restrained by

this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money, and further destroy or damage the value of her Photos and the products she is selling on Etsy. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights and ordering Defendants to destroy all copies of the Photos made or used in violation of Plaintiff's exclusive rights and to remove the Photos from any site that Defendants controls, owns, have access to and receives a direct financial benefit from using advertisements that displayed the Photos.

68. As a direct and proximate result of Defendants' infringements of Plaintiff's exclusive copyright in her Photos, Plaintiff has been damaged.

69. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff irreparable injury that cannot fully be compensated.

**SECOND CAUSE OF ACTION**

**(REMOVAL, ALTERATION AND/OR ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION)**

**(17 U.S.C. §§ 1202 and 1203 et. seq.)**

**(ALL DEFENDANTS)**

70. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

71. The authentic digital copy versions of the copyrighted Photos published by Defendants on Defendants' websites displayed a copy of the Photos without the copyright management information that was protected under 17 U.S.C. § 1202, such as metadata or title of the Photos or with additional false copyright management information.

72. Upon information and belief, Defendants deleted and/or removed Plaintiff's copyright management information and/or added false CMI to each Photo prior to uploading and displaying the copyrighted Photos on Shein's websites

and prior to distribution for display in advertising of Shein's products in violation of 17 U.S.C. § 1202(b).  It is unclear exactly how many CMI violations occurred but at minimum it appears to be at least 7 separate violations, more likely than not for each and every display of the 7 Photos with the deleted CMI distributed and displayed on each separate Shein web page. If addition of false CMI is treated as additional violations, this amounts to a total of 14 violations.

73.   On information and belief, Defendants' removal and/or alteration of the aforementioned CMI and addition of false CMI to the copyrighted Photos were made without the knowledge or consent of Plaintiff.

74.   On information and belief, the removal and/or alteration of the aforementioned CMI and addition of false CMI to the copyrighted Photos were made by Shein and/or its agents with knowledge by Shein in order to distribute and display and/or conceal the use of the Photos without proper attribution or false attribution because Defendants had neither a license nor consent from Plaintiff to copy, distribute, publish, or display the copyrighted Photos on their website(s).

75.   On information and belief, Defendants distributed, imported for distribution, or publicly perform works, copies of works, and with respect to civil remedies under Section 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under Section 1202.

76.   As a result of Defendants' wrongful conduct alleged herein, pursuant to 17 U.S.C. § 1203(c)(2), Plaintiff is entitled to recover from Defendants the damages she sustained, and will sustain, along with any profits and advantages obtained by Defendant due to their violation of 17 U.S.C. § 1202, including attorney's fees and costs.

77.   Alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c)(3) for each violation of 17 U.S.C. § 1202 of a minimum of $2,500 per violation and maximum of $25,000 per violation.

Plaintiff alleges that there are at least 14 separate violations of CMI as it is likely that the Photos were copied, distributed, and displayed on each Shein web page described above and each of Defendants' sites with the deleted CMI and/or with false CMI added to each Photo.

**THIRD CAUSE OF ACTION**

**(VICARIOUS COPYRIGHT INFRINGEMENT)**

**(ALL DEFENDANTS)**

78.    Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

79.    Defendants' and its advertising agents and authorized vendors as agents have infringed and are infringing Plaintiff's rights in her registered copyrighted photos, *inter alia*, publishing and displaying Plaintiff's copyrighted works onto Defendants' websites and did display, distribute, and reproduce, or purporting to authorize the public display, distribution, or reproduction of such copyrighted work, all without authorization from Plaintiff. Defendants' and advertising agents are therefore directly infringing Plaintiff's exclusive rights of reproduction, distribution, and public display under U.S.C. §§ 106(1), (3), (4), and (5) of her Photos.

80.    Defendants are vicariously liable for the infringing acts of Defendants' advertising agents and vendors. Defendants directly benefitted financially from the infringing activity of their advertising agents.

81.    Defendants had the right and ability to supervise or control the infringing activity of their agents (again, to be discovered) and Defendants failed to exercise that right and ability.

82.    Defendants had the right and the ability to supervise, monitor, control, track, enforce, and decide when to start advertising its products with the Photos, which resulted in the infringing conduct by Defendants' advertising agents and vendors, or stop or prevent advertising Shein products with Plaintiff's Photos.

83. Defendants significantly and directly benefited from the infringement of the Photos by Defendants' advertising agents. Defendants derived revenue from the products it sold directly from advertising the Shein products shown above with the Photos.

84. Defendants' advertising agents' infringements have been willful, intentional, purposeful, and in disregard of and indifferent to the rights of Plaintiff.

85. As a direct and proximate result of Defendants' advertising agents' infringements of Plaintiff's exclusive copyrights, Plaintiff has been damaged.

86. Defendants' conduct is causing and, unless enjoined by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated.

87. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction requiring Defendants to destroy, takedown or remove any display or copy or publication of the Photos, including those on Defendants' websites, advertising agents' sites, vendors' sites and any other publication controlled, owned or managed by Defendants.

## VI. RELIEF REQUESTED

88. Wherefore, Plaintiff prays for judgment against Defendants as follows:

    a. Awarding Plaintiff damages derived from the infringing acts, in the amount permitted by law with respect to the Photos infringed, including actual damages for copyright infringements and CMI damages, plus attorneys' fees and costs.

    b. Granting Plaintiff injunctive and other equitable relief enjoining Defendants, its officers, agents, vendors, servants, and employees, and all those acting in concert with the aforementioned parties from directly or indirectly reproducing,

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT

publicly performing, publicly displaying, or distributing the copyrighted Photo to which Plaintiff has exclusive rights.

c.   Disgorging all profits derived by Defendants that were obtained as a result of the conduct alleged herein.

d.   Awarding prejudgment interest to the maximum extent permitted by law.

e.   Awarding Plaintiffs' attorneys' fees, costs, and expenses in this action for CMI violations.

f.   Awarding such other and further relief as the Court may deem just and proper.

## VII.   JURY TRIAL DEMANDED

89.   Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff respectfully demands a trial by jury of all the claims asserted in this Complaint so triable.

Dated: March 21, 2023

Respectfully submitted,

**DUNCAN FIRM, P.A.**

*/s/ James H. Bartolomei*
James H. Bartolomei

*Attorneys for Plaintiff Wenjuan Bi*

COMPLAINT FOR DAMAGES BASED ON COPYRIGHT INFRINGEMENT